IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

JODY RAMSEY,

        Plaintiff,

   v.                           Case No. 15-4854-RDR

ADVANCE STORES COMPANY, INC.,
and ADVANCE AUTO PARTS, INC.,

        Defendants.

**<u>MEMORANDUM AND ORDER</u>**

This is an action alleging violations of the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). Plaintiff also alleges retaliation against her exercise of rights under the Kansas Workers' Compensation Act in violation of Kansas law. We assume, but the amended complaint does not directly state, that this case arises from plaintiff's employment and discharge from a position at an Advance Auto Parts store. Plaintiff's original complaint named Advance Auto Parts, Inc. as the sole defendant. Plaintiff has filed an amended complaint to add Advance Stores Company, Inc. as a second defendant. But, the amended complaint refers to "defendant" in singular form as plaintiff's employer. And one of the issues before the court involves the identification of plaintiff's one-time employer.

Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1331 with supplemental jurisdiction over the state law claim. This case is now before the court upon two motions to dismiss, one filed on behalf of each defendant.

I.   THE COURT SHALL GRANT THE MOTION TO DISMISS OF DEFENDANT ADVANCE AUTO PARTS, INC. ("AAPI").

A.   Standards for a Rule 12(b)(2) motion

Defendant AAPI argues that it should be dismissed for lack of personal jurisdiction and brings its motion to dismiss pursuant to FED.R.CIV.P. 12(b)(2). When a defendant files a motion to dismiss for lack of personal jurisdiction under FED.R.CIV.P. 12(b)(2), the burden shifts to plaintiff to make a prima facie showing of personal jurisdiction. AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1056-57 (10th Cir. 2008). This may be accomplished by demonstrating with an affidavit or other written materials, facts that if true would support jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998). The court does not accept as true those allegations in the complaint which are contradicted by defendant's affidavits. Melea, Ltd. v. Jawer SA, 511 F.3d 1060, 1065 (10th Cir. 2007). But, when evaluating the prima facie case, the court must resolve all factual disputes in favor of the plaintiff. AST Sports Science, 514 F.3d at 1057. If the court conducted an evidentiary hearing

upon defendant's motion, then plaintiff would be required to establish jurisdiction by a preponderance of the evidence. Richardson v. Fowler Envelope Co., 288 F.Supp.2d 1215, 1219 (D.Kan. 2003).   But, since the court is proceeding without a hearing at this stage, the question is whether plaintiff has made a prima facie showing of jurisdiction.  Id.

B.  Evidence and allegations before the court

AAPI's motion is supported by an affidavit from Marie Bliss, a Director of Rewards and Human Resources for the company.  The affidavit states that AAPI is a publicly owned company organized under the laws of Delaware which does not operate any stores, employ any employees, have any offices, own or lease any property, pay any taxes, maintain a registered agent for service, or conduct any business in Kansas.  According to the affidavit, Advance Stores Company, Inc. ("ASCI") is a privately owned company organized under the laws of Virginia which owns and operates many stores, including stores in Kansas.

As already noted, the amended complaint in this case does not identify which defendant employed plaintiff.  Although the complaint names two defendants, the facts alleged in the complaint refer to "defendant" in singular form, as in: "Plaintiff began her employment with Defendant in November 2005." Doc. No. 3, ¶ 8.  The amended complaint does not allege

by name that AAPI took any action for, with, or against plaintiff.

The amended complaint alleges that AAPI "owns and operates several retail, service, and distribution sites in Kansas." Doc. No. 3, ¶ 5.   In response to AAPI's motion to dismiss, plaintiff alleges that AAPI's website states:

> Headquartered in Roanoke, Va., Advance Auto Parts, Inc., the largest automotive aftermarket parts provider in North America, serves both professional installer and do-it-yourself customers.   Advance operates over 5,200 stores, over 100 Worldpac branches, and serves approximately 1,325 independent-owned Carquest branded stores in 49 states, Puerto Rico, the Virgin Islands and Canada.   Advance employs approximately 73,000 Team Members.

Doc. No. 14, p. 1.   Plaintiff further notes that the website reveals several stores in Kansas.   It should be noted that the website is www.advanceautoparts.com and that one may access it by using a search engine to look for either defendant on the internet.

In reply to plaintiff's response to the motion to dismiss, AAPI asserts that it is a holding company which conducts all of its operations through ASCI, a wholly owned subsidiary, and its subsidiaries which operate 5,261 stores in the United States, Canada, Puerto Rico and the U.S. Virgin Islands.   AAPI substantiates this claim with reference to the 2014 Annual Report of AAPI to the Securities and Exchange Commission.   Doc.

No. 15-1.  The report may be accessed through the same Advance Auto Parts website referenced by plaintiff.

C.  <u>The Kansas long-arm statute governs this dispute</u>.

Ordinarily, federal courts follow the state law of the state where the district court is located when determining the limits of their jurisdiction over persons.  <u>Daimler AG v. Bauman</u>, 134 S.Ct. 746, 753 (2014).  This course appears appropriate here where there apparently is no federal statute authorizing service of process[1] and reference to the Kansas long-arm statute appears consistent with FED.R.CIV.P. 4(e), (h) and (k)(1)(A).  So, the court makes reference to Kansas law on service of process.  <u>Dudnikov v. Chalk & Vermilion Fine Arts, Inc.</u>, 514 F.3d 1063, 1070 (10th Cir. 2008).

D.  <u>Plaintiff has not made a prima facie showing that the Kansas long-arm statute would support the extension of personal jurisdiction over AAPI</u>.

The Kansas long-arm statute provides for service of process on parties outside the state of Kansas.  K.S.A. 60-308.  According to subsection (b) of the statute, a person submits to the jurisdiction of Kansas courts for any claim for relief arising from such acts as transacting business in the state or committing a tortious act in the state or entering into an

---

[1] There is no claim that the ADA or the FMLA provide for service of process on defendants.  It appears to the court that neither statute does.  See <u>Karraker v. Rent-A-Center, Inc.</u>, 239 F.Supp.2d 828, 839-40 (C.D.Ill. 2003)(ADA); <u>Jordan v. Tomlinson & Associates, Inc.</u>, 2000 WL 230223 *1 (D.Me. 1/7/2000)(FMLA and ADA).

express or implied contract with a resident of the state or "having contact with the state which would support jurisdiction consistent with the constitutions of the United States" and Kansas. K.S.A. 60-308(b)(A),(B), (E) and (L). Since the long-arm statute may extend to a defendant outside of Kansas whenever that defendant's contacts with Kansas make the exercise of personal jurisdiction consistent with the Constitution, usually disputes as to personal jurisdiction boil down to whether the exercise of personal jurisdiction would be consistent with due process. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853 (2011)(Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant); Tomelleri v. MEDL Mobile, Inc., 2015 WL 1957801 *3 (D.Kan. 4/29/2015)(long-arm statute is coextensive with due process clause, so long-arm statute inquiry and due process inquiry merge).

In general, due process analysis has two steps: 1) whether the defendant has such minimum contacts with the forum state that it should reasonably anticipate being haled into court there; and 2) if the defendant has minimum contacts with the forum state, whether exercising personal jurisdiction over defendant would offend traditional notions of fair play and substantial justice. AST Sports Science, 514 F.3d at 1057; OMI Holdings, Inc., 149 F.3d at 1091. "Minimum contacts" are

reviewed to determine whether they are sufficient to support "specific jurisdiction" or "general jurisdiction." With "specific jurisdiction," the contacts must be continuous and systematic and also give rise to the liabilities sued upon. Daimler AG, 134 S.Ct. at 754 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). "General jurisdiction" may be exercised when a foreign corporation's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities;" in other words, "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Id. (interior quotations and citations omitted).

In this case, two questions appear to be raised: first, whether plaintiff has established a prima facie showing that AAPI was plaintiff's employer and thus had such direct contacts with Kansas giving rise to plaintiff's claims or such contacts which rendered AAPI essentially at home in Kansas that the court has personal jurisdiction over AAPI; and, second, whether plaintiff has established a prima facie showing that AAPI had such substantial control over plaintiff's employer that AAPI's contacts with Kansas should be considered to have given rise to

plaintiff's claims or rendered AAPI essentially at home in Kansas that the court has personal jurisdiction over AAPI.

The court does not believe plaintiff has made a prima facie showing that defendant AAPI was plaintiff's employer. Plaintiff has presented only an excerpt from a website which apparently is connected to both AAPI and ASCI. The excerpt does not expressly state that AAPI owns or operates the store where plaintiff once worked or that AAPI employed plaintiff. It states that "Advance" operates over 5,200 stores and employs 73,000 team members. The same website contains a link to AAPI's financial statement to the SEC which states that AAPI conducts its operations through its wholly owned subsidiary – ASCI, and its subsidiaries. This is consistent with the affidavit from Ms. Bliss, who has stated that AAPI does not operate stores or employ persons in Kansas.

Plaintiff has not attempted to prove that AAPI exercises substantial control over ASCI. A holding or parent company is generally treated separately from its subsidiary unless "'there are circumstances justifying the disregard of the corporate entity.'" Sprint Communications, L.P. v. Cox Communications, Inc., 896 F.Supp.2d 1049, 1057 (D.Kan. 2012)(quoting Quarles v. Fuqua Indus., Inc., 504 F.2d 1358, 1362 (10th Cir. 1974)). Usually, substantial control and direction over a subsidiary is needed to subject a parent corporation to jurisdiction on the

basis of the actions of a subsidiary. <u>Id.</u> at 1058 (quoting <u>Ablulimir v. U-Haul Co. of Kan.</u>, 2011 WL 2746094 *3 (D.Kan. 7/13/2011). Plaintiff has the burden of proving such control and direction. <u>B-S Steel of Kansas v. Texas Industries, Inc.</u>, 229 F.Supp.2d 1209, 1219 (D.Kan. 2002). Plaintiff has failed to make such a showing.

Under these circumstances, the court concludes that plaintiff has failed to make a prima facie showing that exercising personal jurisdiction over AAPI would comport with the Kansas long-arm statute or the United States Constitution. Therefore, the court shall grant defendant AAPI's motion to dismiss.

## II.   THE MOTION TO DISMISS OF DEFENDANT ASCI SHALL BE GRANTED IN PART AND DENIED IN PART.

Defendant ASCI has filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6). ASCI argues that Counts III, IV, V and VI should be dismissed as outside the statute of limitations. These counts allege violations of the FMLA and retaliation for exercising plaintiff's rights under the Kansas Workers Compensation Act.

### A.   <u>Rule 12(b)(6) standards</u>

Defendant brings this motion pursuant to FED.R.CIV.P. 12(b)(6). Under that rule, the court requires that a complaint contain enough fact allegations, taken as true, to state a claim

that is not merely conceivable, but plausible on its face.
Khalik v. United Air Lines, 671 F.3d 1188, 1190-91 (10th Cir.
2012). A presumption of truth, as mentioned, extends to factual
allegations, but does not extend to formal legal recitations,
labels, or conclusions. Id.

When assessing a statute of limitations argument upon a
motion to dismiss, the question before the court is whether "the
dates given in the complaint make clear that the right sued upon
has been extinguished." Aldrich v. McCulloch Prop., Inc., 627
F.2d 1036, 1041 n.4 (10th Cir. 1980); see also, Dummar v. Lummis,
543 F.3d 614, 619 (10th Cir. 2008)(if pivotal question for
application of statute of limitations is apparent on the face of
the complaint, the issue may be resolved on a motion to
dismiss). The court may consider not only the complaint itself,
but also attached exhibits and documents incorporated into the
complaint by reference. Smith v. United States, 561 F.3d 1090,
1098 (10th Cir. 2009) cert. denied, 558 U.S. 1148 (2010).

B. **Plaintiff's two-year FMLA claims and state law claims
are untimely filed**.

According to the amended complaint, plaintiff was
discharged on September 5, 2012. Plaintiff did not file the
original complaint until February 23, 2015, more than two years
after her discharge. There is a two-year limitations period for
bringing a claim of retaliation against the exercise of rights

10

under the Kansas Workers Compensation statute. Pfeifer v. Fed. Express Corp., 304 P.3d 1226, 1228 (Kan. 2013). The limitations period for bringing a claim alleging a non-willful violation of the FMLA is also two years. 29 U.S.C. § 2617(c)(1). There is a three-year limitations period for willful violations. 29 U.S.C. § 2617(c)(2).

Plaintiff alleges that the limitations period should be tolled from the date she filed an administrative complaint on December 14, 2012, until she received a right-to-sue letter for her ADA claim on January 12, 2015. Plaintiff has the burden of proving that the running of a limitations period should be tolled. Aldrich, supra. Plaintiff asserts that she filed this lawsuit about five months after her two-year deadlines for FMLA and retaliation claims had passed because she could not sue without the right-to-sue letter from the EEOC and also to avoid claim-splitting. Doc. No. 13, pp. 9-10.

The court rejects plaintiff's tolling argument. There is no administrative exhaustion requirement for bringing a FMLA claim (see Medlock v. Fred Finch Children's Home, 2014 WL 4756055 *6 (N.D.Cal. 9/24/2014)), or for bringing a state law claim for retaliation against the exercise of workers compensation rights. While, there is an administrative exhaustion requirement for bringing a claim under the ADA, the time necessary to exhaust the administrative procedures for an

11

ADA claim does not justify tolling the statute of limitations on plaintiff's other claims.

In Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454 , 465-66 (1975), the Court held that pursuing an administrative charge under Title VII did not toll the statute of limitations for an action under 42 U.S.C. § 1981. This holding has been cited by another court to support a ruling that the limitations period for a FMLA claim is not tolled by administrative proceedings related to other claims. Shannon v. City of Philadelphia, 1999 WL 126097 *5 (E.D.Pa. 3/5/1999); see also, Arrigo v. Link Stop, Inc., 2013 WL 6094581 *2 (W.D.Wis. 11/20/2013)(because the FMLA has no exhaustion requirement, the limitations period may run before a claim under Title VII or the ADA, even though the claims arise from the same events); Atwood v. Oregon Dept. of Transp., 2008 WL 803020 *8 n.2 (D.Ore. 3/20/2008)(same analysis, citing Shannon); Fialho v. Girl Scouts of Milwaukee Area, Inc., 2007 WL 1246433 *2 (E.D.Wis. 4/30/2007)(same analysis, citing Shannon); Palenske v. Westar Energy, Inc., 2005 WL 2455750 (D.Kan. 10/5/2005)(refusing equitable tolling where there is no evidence that plaintiff was lulled into inaction by her employer state or federal agencies or the court).

Like the FMLA, plaintiff's state law retaliation claim is an independent claim without an exhaustion requirement. The

court finds that the limitations period for plaintiff's retaliation claim also is not tolled by administrative proceedings connected to a different cause of action.

To avoid claim-splitting, plaintiff could have filed a timely complaint alleging the claims governed by a two-year limitations period and asked for a stay until she received a right-to-sue letter which would allow her to add her ADA claim.

C.  Plaintiff has adequately alleged a willful violation of the FMLA for which there is a three-year limitations period.

"Willful conduct" is considered to be actions which are known to violate the FMLA or are taken in reckless disregard of the FMLA.  Bass v. Potter, 522 F.3d 1098, 1103-04 (10th Cir. 2008).  The amended complaint alleges that plaintiff was an eligible employee as defined by FMLA; that plaintiff availed herself of the FMLA protection because of a serious medical condition; that defendant was aware of plaintiff's serious medical condition; that defendant interfered with plaintiff's right to FMLA leave; and that defendant retaliated against and fired plaintiff for taking FMLA leave.  Plaintiff also alleges that defendant's "retaliatory conduct" was willful.

The court believes these allegations are sufficient to state a plausible claim of a willful violation of the FMLA.  See Mesmer v. Charter Communications, Inc., 2015 WL 3649287 *3-4 (W.D.Wash. 6/11/2015)(allegations that defendant denied leave

13

and imposed discipline and terminated plaintiff for requesting leave are sufficient to support claim of a willful FMLA violation); Battle v. Alexandria, 2015 WL 1650246 *6 (E.D.Va. 4/14/2015)(allegation of a retaliatory demotion states a claim of a willful violation); Tolston-Allen v. City of Chicago, 2014 WL 1202742 *3-4 (N.D.Ill. 3/21/2014)(allegations that City refused plaintiff FMLA leave suffices to allege a willful violation); Moore v. Washington Hospital Center, 2012 WL 2915165 *4 (D.Md. 7/16/2012)(noting that a number of courts have presumed willfulness in retaliation cases). The court acknowledges that defendant ASCI has cited contrary authority.[2] But, willfulness may be more easily inferred from plaintiff's allegations than from the allegations in those cases. Moreover, the court remains mindful that the statute of limitations is an affirmative defense which a plaintiff is not required to negate in a complaint. See Caplinger v. Medtronic, Inc., 784 F.3d 1335, 1342 n.2 (10th Cir. 2015)(defendants must prove their affirmative defenses, plaintiffs need not disprove them in their complaints). When raising a statute of limitations defense in a Rule 12(b)(6) motion, the defendant must demonstrate that the allegations in the complaint plead plaintiff out of court. See Aldrich, supra (a statute of limitations defense may be resolved

---

[2] McDonald v. SEIU Healthcare Pennsylvania, 2014 WL 4672493 (M.D.Pa. 9/18/2014); Solorzano v. Railway & Indus. Services, Inc., 2010 WL 234972 (N.D.Ill. 1/15/2010).

upon a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished."). Here, it is not clear that the three-year statute of limitations for willful FMLA violations is inapplicable. Therefore, the court shall deny the motion to dismiss as to FMLA claims alleging a willful violation.

III.  CONCLUSION

In conclusion, the court shall grant defendant AAPI's motion to dismiss. Doc. No. 9.  AAPI shall be dismissed without prejudice from this case.  Defendant ASCI's motion to dismiss (Doc. No. 5) shall be granted in part and denied in part.  The court shall dismiss plaintiff's state law retaliation claim and any FMLA claims governed by a two-year statute of limitations. Plaintiff's FMLA claims alleging willful violations of the statute shall not be dismissed.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2015.


s/Richard D. Rogers_____
UNITED STATES DISTRICT JUDGE